

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

January 26, 2021

**VIA ECF**
The Honorable Vernon S. Broderick
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Shelton Beaman v. United States of America, et al.*, 20-cv-309 (VSB)

Dear Judge Broderick:

      This Office represents Defendant the United States of America (the "Government") in the above-referenced action.  On November 20, 2020, the Government notified the Court that Plaintiff had failed to engage in discovery in this matter, and requested an extension of the discovery deadlines.  (Dkt. No. 19.)  On November 24, 2020, the Court issued an Order granting the requested extension, setting the fact discovery deadline for January 29, 2021, and warning Plaintiff that "failure to engage in discovery or otherwise pursue this litigation may result in dismissal for failure to prosecute."  (Dkt. No. 20.)  I write respectfully to inform the Court that Plaintiff still has not engaged in discovery, as required under the Federal Rules of Civil Procedure, *see* Fed. R. Civ. Proc. 26, 33, and under the Case Management Plan and Scheduling Order issued on July 23, 2020 (Dkt. No. 18).  This Office therefore requests that the Court issue an order compelling Plaintiff to engage in discovery, or an Order to Show Cause as to why Plaintiff's claim should not be dismissed for failure to prosecute, pursuant to Federal Rules of Civil Procedure 37 and 41(b).  In the alternative, this Office requests that the Court schedule a conference to ascertain whether and when Plaintiff intends to engage in discovery.

      As noted in the Government's November 20 letter, the Government served Plaintiff with its initial disclosures on July 29, 2020, and its first set of interrogatories and requests for production of documents on August 7, 2020.  (Dkt. No. 19.)  Despite various inquiries into whether Plaintiff intends to engage in discovery—including by email on August 7, October 15, November 12, November 18, November 20, December 1, December 22, December 24, and December 25, 2020, as well as on January 5 and January 19, 2021—Plaintiff still has failed to provide his initial disclosures and his responses to the Government's first set of discovery requests.  Plaintiff emailed the undersigned on November 25, December 22,[1] December 24, December 25, and January 5, but declined to provide his initial disclosures or his responses to the Government's discovery requests, or even to state when he plans to engage in discovery.

---

[1] On December 22, Plaintiff also filed a "Declaration . . . in Support of Plaintiffs' Motion for Summary Judgment."  (Dkt. No. 21.)  That declaration is premature, as there is no pending motion for summary judgment.  And the declaration does not explain why Plaintiff continues to fail to engage in discovery.

In light of the Court's previous warning to Plaintiff that failure to engage in discovery may result in dismissal of his claim, and Plaintiff's ongoing failure to comply with his discovery obligations, the Government respectfully requests that the Court either issue an order compelling Plaintiff to engage in discovery or an Order to Show Cause as to why Plaintiff's claim should not be dismissed for failure to prosecute. Fed. R. Civ. P. 37, 41(b); *see also U.S. ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (dismissal for failure to prosecute appropriate if balancing the following factors weighs in favor of dismissal: "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions").

Alternatively, the Government requests that the Court schedule a conference to ascertain whether Plaintiff intends to prosecute his claim and, if so, to set a date certain by which Plaintiff must provide his initial disclosures and his responses to the Government's discovery requests, and by which the parties must complete fact depositions and other discovery.

I thank the Court for its consideration of this submission.

APPLICATION GRANTED
SO ORDERED _Vernon Broderick_
VERNON S. BRODERICK
U.S.D.J. 1/27/2021

The parties shall appear before me for a telephonic conference on February 3, 2021 at 11:00.m.  Plaintiff should be prepared to explain why he has not engaged in discovery, and whether he intends to prosecute his claim. The parties shall enter the conference by dialing 1-888-363-4749 and entering access code 2682448.  The Clerk of Court is respectfully directed to mail a copy of this endorsement to pro se Plaintiff.

Respectfully,

AUDREY STRAUSS
United States Attorney

By:  /s/ Ilan Stein
     ILAN STEIN
     Assistant United States Attorney
     86 Chambers Street, Third Floor
     New York, NY 10007
     Tel: (212) 637-2525
     Fax: (212) 637-2730
     ilan.stein@usdoj.gov

cc: Plaintiff via email and regular mail

2