

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

86 Chambers Street
New York, New York 10007

March 22, 2021

APPLICATION GRANTED
SO ORDERED [signature]
VERNON S. BRODERICK
U.S.D.J. 3/23/2021

The parties shall appear before me for a telephonic conference on March 31, 2020 at 10:00 a.m. The parties shall enter the conference by dialing 1-888-363-4749 and entering access code 2682448. The Clerk of Court is respectfully directed to mail a copy of this endorsement to pro se Plaintiff.

**VIA ECF**
The Honorable Vernon S. Broderick
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Shelton Beaman v. United States of America, et al.*, 20-cv-309 (VSB)

Dear Judge Broderick:

This Office represents Defendant the United States of America (the "Government") in the above-referenced action. On February 5, 2021, the Court issued an order requiring Plaintiff to engage in discovery, and to submit a letter, on or before February 26, clarifying whether his Complaint for Judicial Review of a Final Decision, ECF No. 28, constitutes an amended complaint or a rejection of the Government's arguments in its February 1 submission. ECF No. 30. To date, Plaintiff has failed to submit the letter required by the Court's February 5 order. It therefore remains unclear which are the operative pleadings in this action.

In addition, Plaintiff still has not provided the Government with his initial disclosures or any substantive responses to the Government's initial set of interrogatories and requests for production, which the Government served on August 7, 2020. To be sure, on March 3, 2021, Plaintiff filed a document entitled, "Plaintiff's Responses & Objections to Defendant's First Set of Interrogatories & Document Requests." ECF No. 31. Yet that document consists of nothing more than a "Preliminary Statement" and a list of general objections. To the extent that document purports to be Plaintiff's response to the Government's discovery requests, it is deficient for several reasons, as the Government explained to Plaintiff by letter served on Plaintiff on March 8. *First*, Plaintiff failed to respond individually to any of the Government's interrogatories or document requests, as required under Rules 33 and 34 of the Federal Rules of Civil Procedure. *Second*, Plaintiff did not identify which objections apply to which discovery requests, and failed to explain why any particular interrogatory or document request is overly broad or otherwise objectionable.

*Third*, none of Plaintiff's objections have merit. Plaintiff appears to advance four objections. He appears to object to the temporal scope of the Government's discovery requests, some of which seek records dating to 1996. That temporal scope, however, is justified by Plaintiff's central allegation that the Department of Veterans Affairs New York Harbor Healthcare System screened him for diabetes in 1996 but failed to give him the results of that screening until more than twenty years later. Records from 1996 to the present are directly relevant to this action. Plaintiff also appears to object on the ground that the word "Event" is undefined; yet, as the Government explained in its March 8 letter to Plaintiff, the word "event" only appears twice in the

Government's discovery requests, and in both instances, the Government does not refer to a single "event" but rather broadly refers to the "events" relevant to Plaintiff's alleged injuries. Plaintiff next objects to the use of the phrase, "any and all facts": He asserts that requests for "any and all facts . . . related to each and every allegation" are overly broad. Yet, as the Government explained to Plaintiff in its March 8 letter, the Government has made no request for "any and all facts . . . related to each and every allegation." Instead, the use of the phrase "any and all" only appears in document requests that seek specific categories of documents—for example, a request for "any and all documents" relating to "medical or surgical care or evaluation, hospital care, chiropractic care, physical therapy, mental health care or evaluation, psychological care or evaluation, therapy, or other treatment received, sought or considered by Plaintiff from 1996 through present." Finally, Plaintiff objects to "blockbuster" interrogatories that seek the identity of "every witness and document that supports each described fact." The Government has not included any such request.

In its March 8 letter to Plaintiff, the Government informed him that it hoped to resolve this dispute without Court intervention. It informed him that it would write to the Court if it did not hear from Plaintiff by March 19. To date, the Government has not received any response from Plaintiff.

The Government therefore respectfully requests that the Court require Plaintiff to comply with the Court's February 5 order by (1) submitting a letter that clarifies whether his Complaint for Judicial Review of a Final Decision constitutes an amended complaint or a rejection of the Government's arguments in its February 1 submission, and (2) engaging in discovery, including by providing Plaintiff's initial disclosures, as well as substantive responses to the Government's discovery requests. In the alternative, the Government requests that the Court schedule a conference to address these issues.

I thank the Court for its consideration of this submission.

                                          Respectfully,

                                          AUDREY STRAUSS
                                          United States Attorney

By:    /s/ Ilan Stein
        ILAN STEIN
        Assistant United States Attorney
        86 Chambers Street, Third Floor
        New York, NY 10007
        Tel: (212) 637-2525
        Fax: (212) 637-2730
        ilan.stein@usdoj.gov

cc:   Plaintiff (by email and regular mail)