```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
                                                         :
SHELTON BEAMAN,                                          :
                                                         :
                                  Plaintiff,             :
                                                         :         20-CV-309 (VSB)
                - against -                              :
                                                         :         **OPINION & ORDER**
                                                         :
UNITED STATES OF AMERICA,                                :
                                                         :
                                  Defendant.             :
                                                         :
---------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/26/2021
```

Appearances:

Shelton Beaman
Queens, NY 11432
*Pro se Plaintiff*

Brandon Herbert Cowart
Ilan Stein
U.S. Attorney's Office, SDNY
New York, NY 10007
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

  Plaintiff, who is proceeding pro se, initiated this action on January 10, 2020. (Doc. 2.) Because Plaintiff has failed to 1) engage in discovery; 2) comply with my orders; and 3) appear at court conferences, this case is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

### I.  Factual Background

  On July 23, 2020, I entered the parties' proposed Case Management Plan. (Doc. 18.) The parties were directed to exchange initial disclosures by July 30, 2020, exchange requests for

production of documents and interrogatories no later than August 14, 2020, and complete fact discovery by November 30, 2020. (*Id.*) On November 20, 2020, Defendant notified me that Plaintiff failed to engage in any discovery or to respond to Defendant's discovery requests. (Doc. 19.) Defendant requested an order instructing Plaintiff to 1) provide his initial disclosures; 2) respond to the Government's interrogatories and document requests by December 15, 2020; and 3) warning Plaintiff that failure to comply could result in dismissal of his claims for failure to prosecute. (*Id.*) I issued an order granting Defendant's request, noting that Plaintiff's continued failure to engage in discovery or otherwise pursue this litigation could result in dismissal. (Doc. 20.)

On January 26, 2021, Defendant informed me that Plaintiff still had not engaged in any discovery. (Doc. 22.) Defendant made multiple attempts to contact Plaintiff. Although Plaintiff emailed Defendant on five occasions, Defendant claims he provided no information as to whether or when he intended to engage in discovery. As a result, Defendant requested that I 1) issue an order compelling Plaintiff to engage in discovery; 2) issue an order to show cause why Plaintiff's claim should not be dismissed for failure to prosecute; or 3) hold a conference to determine whether and when Plaintiff intends to participate in discovery. (*Id.*) On January 27, I directed the parties to appear for a telephonic conference on February 3, 2021. (Doc. 23.) Before the conference, Plaintiff filed a motion to strike the Government's defenses pursuant to Federal Rule of Civil Procedure 12(f) or 12(e). (Doc. 25.) Briefing on Plaintiff's motion was completed on February 5, 2021. (Doc. 28.)

Defendant appeared for the February 3, 2021 telephonic conference. Plaintiff joined the February 3, 2021 conference only after defense counsel contacted him, and he requested adjournment to February 5, 2021 at 1:00 p.m. I granted Plaintiff's request. (Doc. 27.) Before

that conference, Plaintiff filed a Complaint for Judicial Review of a Final Decision of the Office of the General Counsel.  (Doc. 29.)  Plaintiff's submission appeared to be an attempt to file a second complaint requesting review of the Department of Veteran Affair's denial of his administrative claim under the Administrative Procedure Act.  Plaintiff failed to appear at the February 5, 2021 conference.  That same day, I directed Plaintiff 1) that further failure to engage in discovery could lead to dismissal for failure to prosecute; 2) to submit a letter clarifying whether his Complaint for Judicial Review of a Final Decision of the Office of the General Counsel constituted an amended complaint or a rejection of Defendant's arguments in its February 1, 2021 submission by February 12, 2021; and 3) to file any amended complaint by February 26, 2021.  (Doc. 30.)

Plaintiff failed to submit a letter clarifying whether the Complaint for Judicial Review of a Final Decision of the Office of the General Counsel was intended to be an amended complaint.  On March 22, 2021, Defendant submitted a letter motion indicating that Plaintiff had still not engaged in any discovery and asking that I compel Plaintiff to comply with my February 5, 2021 Order by 1) submitting a letter that clarifies whether his Complaint for Judicial Review of a Final Decision is intended to be an amended complaint, and 2) engaging in discovery, including by providing Plaintiff's initial disclosures, as well as substantive responses to the Government's discovery requests.  In the alternative, the Government requested a conference.  (Doc. 32.)  In response to Defendant's request, I held a telephonic conference on March 31, 2021.  (Doc. 33.)  Plaintiff failed to appear at the March 31 conference.

## II.   Legal Standard

Rule 41 authorizes dismissal "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b).  The rule authorizes

dismissal *sua sponte* or on motion of the opposing party.  *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).  "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'"  *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).  No single factor is dispositive.  *See id.*

Dismissal is an extreme sanction and must be preceded by notice and an opportunity to be heard.  *See id.* at 217.  Dismissal with prejudice has "harsh consequences for clients, who may be blameless," and is reserved for "extreme situations."  *Id.* (internal quotation marks omitted).  Similarly, dismissal of a pro se litigant's complaint for failure to prosecute is appropriate "only when the circumstances are sufficiently extreme."  *LeSane*, 239 F.3d at 209.

### III.  Discussion

Weighing the factors listed above, I conclude that Plaintiff's failure to engage in discovery and failure to comply with my repeated orders without justification, make dismissal without prejudice appropriate.

First, it has been more than eight months since I issued the Case Management Plan directing the parties to complete all fact discovery by November 30, 2020.  Despite the Case Management Plan and multiple orders directing Plaintiff to engage in discovery, Plaintiff has failed to do so; Plaintiff has also failed to attend three telephonic conferences to discuss his failure to engage in discovery; and Plaintiff has failed to adequately explain these failures.  *See*

4

*Simmons v. Ramirez*, No. 17CV313 (LMS), 2019 WL 3454484, at *2 (S.D.N.Y. July 31, 2019) (concluding that Plaintiff's failure to appear at conferences and engage in discovery for months weighed in favor of dismissal with prejudice).  Second, Plaintiff was expressly advised in my November 24, 2020 Endorsement, and again in my February 5, 2021 Order, that any further failure to engage in discovery could result in dismissal of his claims.  *See Vargas v. Zumiez, Inc.*, No. 19 CIV. 2056 (AT), 2020 WL 4548085, at *3 (S.D.N.Y. Aug. 5, 2020) (the notice requirement is satisfied where "Plaintiff has been warned by the Court that the action may be dismissed").  As to the third factor, "[w]here, as here, the plaintiff has caused an unreasonable delay, prejudice to the defendants may be presumed as a matter of law." *Stoenescu v. Jablonsky*, 162 F.R.D. 268, 271 (S.D.N.Y. 1995).  Fourth, Plaintiff had ample opportunity to be heard.  Fifth, in light of Defendant's pro se status, his filing of various documents apparently in response to my orders, and his brief appearance during the telephone conference on February 3, 2021, "the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity." *Amoroso v. Cnty. of Suffolk*, No. 08-CV-826 (JFB), 2010 WL 2985864, at *3 (E.D.N.Y. July 21, 2010).

## IV. <u>Conclusion</u>

For the foregoing reasons, this action is dismissed without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is directed to close this case, and mail a copy of this order to the *pro se* plaintiff.

SO ORDERED.

Dated: April 26, 2021
     New York, New York

*[Signature]*
Vernon S. Broderick
United States District Judge