UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                                        :
SHELTON BEAMAN,                                         :
                                                        :
                                       Plaintiff,       :
                                                        :          20-CV-309 (VSB)
                  - against -                            :
                                                        :          **OPINION & ORDER**
                                                        :
UNITED STATES OF AMERICA,                               :
                                                        :
                                       Defendant.       :
                                                        :
--------------------------------------------------------X

Appearances:

Shelton Beaman
Jersey City, New Jersey
*Pro se Plaintiff*

Ilan Stein
United States Attorney's Office, SDNY
New York, NY
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

I am in receipt of the "Refined Motion for Relief from Judgment Pursuant to Federal

Rule of Civil Procedure 60(b)(6)" filed by Plaintiff Shelton Beaman ("Plaintiff"), dated

November 28, 2025, (Doc. 37 ("Mot.")), filed over four and a half years after my April 26, 2021

Opinion & Order dismissing the action without prejudice for failure to prosecute pursuant to

Rule 41(b) of the Federal Rules of Civil Procedure, (Doc. 34).  Because Plaintiff fails to identify

any grounds that warrant vacatur of my prior dismissal order, (Doc. 34), his motion to vacate is

DENIED.

## I.   <u>**Background and Procedural History**</u>[1]

On November 28, 2025, Plaintiff filed a motion for reconsideration of my April 26, 2021 Opinion & Order. (*See* Mot.) Plaintiff seeks relief from judgment pursuant to Rule 60(b)(6). (*Id.*) On December 5, 2025, the Government filed an opposition to Plaintiff's reconsideration motion. (Doc. 38 ("Opp'n").) Plaintiff's reply in support of his motion for reconsideration was thus due on December 12, 2025. Local Civ. R. 6.1(b). Because Plaintiff did not file a reply or seek an extension of time to file a reply by that date, on January 2, 2026, I issued an order directing Plaintiff to file a reply, if any, by January 12, 2026. (Doc. 39.) I warned that "[i]f Plaintiff fails to file a reply by January 12, 2026, I will consider the Rule 60(b)(6) motion fully briefed." (*Id.*) On January 6, 2026, the Clerk's Office mailed my January 2, 2026 order to Plaintiff at the address listed for him on the docket: 89-25 Parsons Boulevard, Queens, New York 11432, instead of the address that Plaintiff listed in the signature block of his reconsideration motion: 20 Beacon Way # M-801 Jersey City, New Jersey 07304. (Mot. 4.) A February 6, 2026 docket entry notes that the mail was returned as undeliverable. Accordingly, on March 10, 2026, I extended Plaintiff's time to file a reply in support of his reconsideration motion *nunc pro tunc* to March 25, 2026, and directed the Clerk's Office to mail a copy of the March 10, 2026 order to Plaintiff at 20 Beacon Way # M-801 Jersey City, New Jersey 07304. (Doc. 40.) I once again warned Plaintiff that if he "fails to file a reply by March 25, 2026, I will consider the Rule 60(b)(6) motion fully briefed." (*Id.*) To date, Plaintiff has not filed a reply.

On May 13, 2026, Plaintiff filed two letters indicating that he "did not realize the [March 10, 2026] Order had been served via email until after the specified deadline," (Doc. 42 at 1), and

---

[1] For the purposes of this Opinion & Order, I assume familiarity with the background of this case as described in my prior Opinion & Order dated April 26, 2021. (Doc. 34 ("Opinion" or "Op.").)

that he attempted to contact counsel for the Government on March 30, 2026—after the March 25, 2026 reply deadline—but was unable to reach counsel for the Government because he was on parental leave. (Doc. 41; Doc. 42 at 1.) On May 17, 2026, Plaintiff filed another letter, demanding the "[i]mmediate [p]roduction" of the underlying administrative record and "all medical/diagnostic files from 1996–2018" because counsel for the Government "is currently unreachable and no substitute counsel has appeared." (Doc. 43 at 1.) Plaintiff further requests that if the Government "fails to produce these specific records, . . . [I] should apply an adverse inference that the Defendant[] intentionally withheld the Plaintiff's [diabetes] diagnosis for twenty-two years." (*Id.* at 2.) As the Government stated in its May 18, 2026 response letter, "although Plaintiff asserts that he attempted to 'meet and confer' with the Government, the Court did not require any such conferral between the parties. Rather, the only open question remains whether Plaintiff will file a reply brief to his Rule 60(b)(6) motion, or if the Court will deem the motion fully briefed on account of Plaintiff's failure to meet multiple deadlines for his reply." (Doc. 44.) On May 26, 2026, Plaintiff filed two letters in "response to [the] Government's letter dated May 25, [sic] 2026," (Doc. 45 (capitalization altered)), and in "rebuttal to [the] Government's letter dated May 25, [sic] 2026," (Doc. 46 (capitalization altered)). Plaintiff states that he "attempted to contact the Government on March 30, 2026, [] to address the production of the missing Administrative Record" and asserts Government's counsel's "'Parental leave' stalemate . . . effectively halt[ed] Plaintiff's ability to finalize his reply" because "a meaningful reply is impossible so long as the Government continues to suppress the A[dministrative] R[ecord]." (Doc. 45 at 1.) Plaintiff requests that I do not deem the motion for reconsideration fully briefed "until the Government produces the 1996–2018 medical and administrative records," "[g]rant Plaintiff fourteen (14) days to file a Final Reply after the Government

3

produces the A[dministrative] R[ecord]," and "[s]chedule an immediate Status Conference to address the Government's ongoing 'tactical silence.'" (*Id.*)

In short, Plaintiff asserts that there has thus been a "critical breakdown in communication that is impacting the current briefing schedule," (Doc. 41), and contends that he cannot file his reply without the administrative record, (*see* Doc. 45 at 1; Doc. 46).  Communication from the Government and the production of the administrative record were both criteria Plaintiff dictated himself and were not necessary for Plaintiff's reply brief in support of a motion for reconsideration of the Opinion issued over four and a half years ago.  As I explain below, a motion for reconsideration is generally denied unless it satisfies the "strict" standard for reconsideration, which requires the movant to "point to controlling decisions or data that the court overlooked." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  Moreover, the allegedly missing administrative record is not a proper basis for reconsideration. *See, e.g., Townsquare Media, Inc. v. Regency Furniture, Inc.*, No. 21-CV-4695, 2023 WL 6289984 at *1 (S.D.N.Y. Sept. 27, 2023) ("A movant may not rely on facts, issues, or arguments that were previously available but not presented to the court.  Nor is a motion for reconsideration the proper avenue for the submission of new material.  Rather, to be entitled to reconsideration, a movant must demonstrate that the court overlooked controlling decisions or factual matters that were put before it on the underlying motion, which, had they been considered might reasonably have altered the result reached by the court." (internal quotation marks, alteration, and citations omitted)).

Plaintiff's reply brief was due on March 25, 2026, after I sua sponte extended the time to file the reply by over two months.  (Docs. 39–40.)  Given Plaintiff's failure to file a letter earlier than his first letter on May 13, 2026 despite knowing about my March 10, 2026 Order at least as

4

of March 30, 2026, (*see* Doc. 41; Doc. 42 at 1; Doc. 45 at 1), Plaintiff's failure to include a

request for an extension of time to file a reply until May 26, 2026, two months after his reply

was due, (*see* Doc. 45 at 1), and Plaintiff's unilateral proposal that would essentially allow him

to hold his reply deadline in abeyance until after the Government produces the administrative

record, I consider Plaintiff's reconsideration motion to be fully briefed, deny Plaintiff's request

to order that the Government produce discovery, and deny Plaintiff's request to schedule a status

conference.

## II.    <u>Legal Standard</u>

"Where an action is dismissed for want of prosecution pursuant to Rule 41(b), Rule 60(b)

allows it to be reopened under certain, enumerated circumstances." *Cobos v. Adelphi Univ.*, 179

F.R.D. 381, 385 (E.D.N.Y. 1998) (citing *Link v. Wabash*, 370 U.S. 626, 632 (1962); Fed. R. Civ.

P. 60(b)).  Rule 60(b) identifies six possible reasons why the court may relieve a party from "a

final judgment, order, or proceeding":

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
> evidence that, with reasonable diligence, could not have been discovered in time to
> move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or
> misconduct by an opposing party; (4) the judgment is void; (5) the judgment has
> been satisfied, released, or discharged; it is based on an earlier judgment that has
> been reversed or vacated; or applying it prospectively is no longer equitable; or (6)
> any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"Properly applied[,] Rule 60(b) strikes a balance between serving the ends of justice and

preserving the finality of judgments." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986).  Rule

60(b) must "be broadly construed to do substantial justice, while respecting that final judgments

should not be lightly reopened." *Thai-Lao Lignite (Thai.) Co. v. Gov't of Lao People's Dem.

Rep.*, 864 F.3d 172, 183 (2d Cir. 2017) (internal quotation marks omitted).  The Second Circuit

has cautioned that Rule 60(b) provides "extraordinary judicial relief" and should be granted

"only if the moving party demonstrates exceptional circumstances." *Ruotolo v. City of New

York*, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotation marks omitted).  Thus, "[a] motion for

relief from judgment is generally not favored." *United States v. Int'l Bhd. of Teamsters*, 247

F.3d 370, 391 (2d Cir. 2001).

In evaluating a Rule 60(b) motion, courts in this circuit require that the evidence in

support of the motion be "highly convincing, that the movant show good cause for the failure to

act sooner, and that no undue hardship be imposed on the other parties as a result." *Scott v.

Gardner*, 344 F. Supp. 2d 421, 424 (S.D.N.Y. 2004) (citing *Kotlicky v. U.S. Fidelity & Guar.

Co.*, 817 F.2d 6, 9 (2d Cir. 1987)).  The standard for a motion for reconsideration "is strict, and

reconsideration will generally be denied unless the moving party can point to controlling

decisions or data that the court overlooked—matters, in other words, that might reasonably be

expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257.  Moreover, "[a]

motion seeking such relief is addressed to the sound discretion of the district court," *Nemaizer*,

793 F.2d at 61, and a Rule 60(b) motion may not be employed to relitigate the merits of a case,

*Ethridge v. Bell*, 49 F.4th 674, 688 (2d Cir. 2022).

Additionally, Local Civ. R. 6.3 provides that "[u]nless otherwise provided by the court or

by statute or rule . . ., a notice of motion for reconsideration must be served within 14 days after

the entry of the court's order being challenged."  Loc. Civ. R. 6.3.  Federal Rule of Civil

Procedure 60(c)(1) provides that a motion for reconsideration under Rule 60(b) "must be made

within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of

the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).

As Plaintiff is pro se, I construe his briefings "liberally and [] interpret them to raise the

strongest arguments they suggest." *Bautista v. TAP Air Portugal*, No. 24-CV-00503, 2025 WL 1224799, at *2 (S.D.N.Y. Apr. 28, 2025) (internal quotation marks omitted).  However, "the heavy burden for securing relief from final judgments applies to *pro se* litigants as well as to those who are represented by counsel." *Broadway v. City of New York*, No. 96-CV-2798, 2003 WL 21209635, at *3 (S.D.N.Y. May 21, 2003); *see also Brooks v. Doe Fund, Inc.*, No. 17-CV-3626, 2020 WL 5706451, at *3 (E.D.N.Y. Sept. 24, 2020) ("[A] pro se litigant is not excused from the requirement of producing highly convincing evidence to support a Rule 60(b) motion.") (quoting *Spaulding v. N.Y.C. Dep't of Educ.*, 407 F. Supp. 3d 143, 149 (E.D.N.Y. 2017) (alteration in original)).  Although I must liberally construe the pleadings of a pro se litigant, Plaintiff is not excused from the requirements of Rule 60(b) or Local Rule 6.3, both of which are rigorous.  *See Patterson v. United States*, No. 04-CV-3170, 2006 WL 2067036, at *1–2 (S.D.N.Y. July 26, 2006).

### III.    <u>Discussion</u>

Plaintiff seeks relief under Federal Rule of Civil Procedure 60(b)(6), which permits relief for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  Plaintiff does not demonstrate any extraordinary circumstances or extreme hardship justifying the grant of equitable relief.  There are multiple reasons to deny Plaintiff's Rule 60(b) motion.

"Rule 60(b)(6) grants federal courts broad authority to relieve a party from a final judgment upon such terms as are just, provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Mandala v. NTT Data, Inc.*, 88 F.4th 353, 361 (2d Cir. 2023) (internal quotation marks omitted).  Although Rule 60(b)(6) is a "grand reservoir of equitable power to do justice in a particular case," *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir. 1986) (internal quotation marks omitted),

"that reservoir is not bottomless," *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012).  Thus, Rule 60(b)(6) is a catchall provision that should be applied only when the movant demonstrates extraordinary circumstances.  *Ruotolo*, 514 F.3d at 191(cautioning that Rule 60(b) provides "extraordinary judicial relief" and should be granted "only if the moving party demonstrates exceptional circumstances" (internal quotation marks omitted)); *Nemaizer*, 793 F.2d at 63 (Rule 60(b)(6) "is properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)–(5) of the Rule." (internal quotation marks omitted)).  In determining whether extraordinary circumstances exist, a court may consider a wide range of factors, including, "the risk of injustice to the parties" and "the risk of undermining the public's confidence in the judicial process." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988).  Generally, the Second Circuit requires that a movant:  (1) support its motion with highly convincing evidence; (2) show good cause for its failure to act sooner; and (3) prove that granting the motion will not impose any undue hardship on the other parties. *Kotlicky v. U.S. Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987).

As an initial matter, Rule 60(b) motions "must be made within a reasonable time," Fed. R. Civ. P. 60(c)(1), and Plaintiff has presented no basis on which to conclude that the four and a half years that have elapsed between my April 26, 2021 Opinion and his reconsideration motion is a reasonable period. *See Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001) (per curiam) (holding that the plaintiff's twenty-six-month delay in filing a Rule 60(b) motion was "patently unreasonable"); *Rodriguez v. Mitchell*, 252 F.3d 191, 201 (2d Cir. 2001) (finding that a Rule 60(b) motion filed "three and one-half years from the date judgment was entered" was not filed within a reasonable time); *Satterfield v. Pfizer, Inc.*, 208 F. App'x 59, 61 (2d Cir. 2006)

8

(summary order) (finding that a Rule 60(b) "motion was untimely because it was filed four years after judgment without mitigating circumstances to excuse such delay"). Indeed, Plaintiff does not even proffer a reason for his four-and-a-half-year delay in moving for reconsideration of the Opinion and his delays in prosecuting this case. (*See* Mot.) Plaintiff merely states that "[t]he delay was solely attributable to [his] lack of immediate legal expertise necessary to identify and comprehend the magnitude of the procedural defect on the face of the record" and "the difficulty a pro se litigant had in grasping the legal consequence of the Judge's action until recent comprehensive review and subsequent consultation." (Mot. 2.) These explanations are implausible. However, even if I accept them at face value, they are woefully insufficient to explain Plaintiff's delay. Given that the Opinion was issued over four and a half years ago, I find that Plaintiff's motion is untimely under Rule 60(b).

Even if Plaintiff's reconsideration motion was timely, I would still deny it on the merits. Plaintiff's allegations that I "failed to address or analyze the controlling administrative record and instead relied upon a premature finding of 'failure to prosecute,' thereby denying [him] the judicial review mandated by the FTCA," "the integrity of the final judgment is compromised by a procedural failure to recognize controlling law," the "failure to conduct any review or consideration of the Administrative Record, and the subsequent dismissal based solely on a finding of 'failure to prosecute,' constitutes a structural defect,"[2] and "dismissal based on failure to prosecute that is entirely separate from the merits review of the record—which was never

---

[2] To the extent Plaintiff seeks relief on the grounds of mistake, inadvertence, surprise, or excusable neglect under Rule 60(b)(1), his relief under Rule 60(b)(6) would be foreclosed. *Mandala*, 88 F.4th at 359 ("Rule 60(b)(1) and Rule 60(b)(6) are mutually exclusive, such that any conduct which generally falls under the former cannot stand as a ground for relief under the latter. . . . Thus, where a party's Rule 60(b) motion is premised on grounds fairly classified as mistake, inadvertence, or neglect, relief under Rule 60(b)(6) is foreclosed.") (internal quotation marks omitted and alteration adopted). Moreover, a motion for relief under Rule 60(b)(1) would be untimely because it must have been brought "no more than a year after the entry of the judgment or order or the date of the proceeding," Fed. R. Civ. P. 60(c)(1).

9

undertaken—is an arbitrary and extraordinary defect, effectively eliminating [Plaintiff's] statutory right to have the administrative decision reviewed on its merits," (Mot. 1–2), "do not constitute highly convincing evidence of 'extraordinary circumstances' or 'extreme hardship' that might justify reconsideration for the reasons set forth above," *Bautista*, 2025 WL 1224799, at *6.

Moreover, Plaintiff's arguments that "[t]he delay was solely attributable to [his] lack of immediate legal expertise necessary to identify and comprehend the magnitude of the procedural defect on the face of the record" and "the difficulty a pro se litigant had in grasping the legal consequence of the Judge's action until recent comprehensive review and subsequent consultation," (Mot. 2), are similarly unpersuasive because "[a] party's failure to appreciate the legal significance of a judgment does not constitute 'extraordinary circumstances,'" *Leung v. New York Univ.*, No. 08-CV-05150, 2016 WL 1071027, at *3 (S.D.N.Y. Mar. 17, 2016).  *See also PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 897–98 (2d Cir. 1983) (finding that a plaintiff's failure to recognize the implications of dismissal under Fed. R. Civ. P. 41(b) does not constitute extraordinary circumstances under Rule 60(b)(6)); *In re Trine*, No. BR 13-21520, 2015 WL 236617, at *3 (Bankr. W.D.N.Y. Jan. 16, 2015) ("It is well settled that ignorance of the law or the failure to appreciate the legal significance of a court order does not amount to an extraordinary circumstance to justify Rule 60(b)(6) FRCP relief. . . . Where the movant's own misconduct or action—or in this case, inaction—causes the final order to be entered, Rule 60(b)(6) should not be used as grounds to revisit the Court's prior judgment.").

Moreover, Plaintiff's assertion that I was required to "review or consider the underlying Administrative Record in this Federal Tort Claims Act (FTCA) . . . case," (Mot. 1), despite my dismissal of the case without prejudice pursuant to Federal Rule of Civil Procedure 41(b)

10

because of Plaintiff's failure to "1) engage in discovery; 2) comply with my orders; and 3) appear at court conferences," (Op. 1), is without merit.  As the Government noted in its opposition to this reconsideration motion:  "[T]here is no law that requires a court to review an administrative record in a FTCA action, much less where a plaintiff fails to prosecute his claim by repeatedly declining to appear for court conferences and refusing to engage in discovery, despite multiple warnings that his failure to do so could result in dismissal."  (Opp'n 2.) Moreover, Plaintiff has not demonstrated that the failure to review the administrative record constitutes an extraordinary circumstance such that Rule 60(b)(6) justifies reconsideration.

Accordingly, Plaintiff's reconsideration is DENIED.

**IV.    <u>Conclusion</u>**

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED.  The Clerk of Court is respectfully directed to terminate the pending gavel at Doc. 37.

The Clerk of Court is respectfully directed to mail a copy of this Opinion & Order to pro se Plaintiff at 20 Beacon Way # M-801 Jersey City, New Jersey 07304 and Cambridge Hotel 141, West 110th Street #502 New York, New York 10025.

SO ORDERED.

Dated:    June 4, 2026
        New York, New York

VERNON S. BRODERICK
United States District Judge